NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0231n.06

No. 25-3737

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
May 22, 2026
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| | ) | OHIO |
| ADAM KLINE, | ) | |
| Defendant-Appellant. | ) | |
| | ) | OPINION |

Before: STRANCH, BUSH, and BLOOMEKATZ, Circuit Judges.

**JANE B. STRANCH, Circuit Judge.** Adam Kline pleaded guilty to possessing and distributing child pornography. His advisory Guidelines range was 210–262 months' imprisonment. Kline requested a below-Guidelines sentence, arguing that the advisory range was greater than necessary for sentencing purposes. The district court sentenced Kline to 144 months in prison, representing a 66-month downward variance from his advisory Guidelines range. On appeal, Kline argues that his sentence is substantively unreasonable. We **AFFIRM**.

## I. BACKGROUND

### A. Factual Background

Kline was born in Akron, Ohio in 2001, and grew up in a rural area. He was raised by his parents and maintains a close relationship with them as well as with his grandparents. In high school, he participated in several extracurricular activities and was a member of the National Honors Society. Two of Kline's high school friends died by suicide. In June 2024, Kline was

diagnosed with adjustment disorder with anxiety and depressed mood, for which he takes medication and attends therapy. He periodically has suicidal ideation. Kline has maintained consistent employment since high school, most recently as a truck mechanic.

In March 2024, the FBI received two tips that Kline was distributing child sexual abuse material (CSAM) through a KIK account. The investigation uncovered 15 videos depicting CSAM and determined that Kline had sent the videos to another user. A few months later, in May 2024, law enforcement searched Kline's residence and seized multiple devices, including his phone but did not uncover additional CSAM. In an interview with law enforcement, Kline admitted to viewing child pornography on KIK approximately 25 to 30 times and to trading child pornography to receive other pornographic videos.

### B.    Procedural Background

In January 2025, Kline was indicted in the United States District Court for the Northern District of Ohio for receiving and distributing visual depictions of real minors engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(2) (Count 1); and for possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) (Count 2). Kline pleaded guilty to both counts.

The Presentence Investigation Report calculated a base offense level of 22, with the following increases: two levels for possession of CSAM with prepubescent minors; five levels for trading CSAM for other pornographic videos; four levels for possession of CSAM involving the sexual abuse or exploitation of a toddler; two levels for using a cellphone and a social media account to distribute CSAM; and five levels because the offense involved at least 1,125 images.[1]

---

[1] To determine the number of "images" in a video containing CSAM, the Guidelines recommend that each video or clip shall be considered to contain 75 images. U.S. Sent'g Guidelines Manual § 2G2.2 cmt. n.6(B)(ii).

It then decreased the offense level by three given Kline's acceptance of responsibility. It calculated a total adjusted offense level of 37, with a criminal history score of zero and a criminal history category of I. This calculation resulted in an advisory Guidelines range of 210–262 months' imprisonment. The PSR identified three potential grounds for a downward variance: the need to avoid sentencing disparities, Kline's age, and the need for the sentence imposed. It explained that the average sentence for this conduct was 151 months and the median sentence was 144 months. Kline filed several objections to the PSR, including an objection that the Guidelines applicable to child pornography offenses are flawed in general and an objection to each of the specific offense level increases.

The parties filed sentencing memoranda, in which the Government sought a sentence of 216 months and Kline requested a below-Guidelines sentence based on his youth, his status as a first-time offender, and his motivation to seek treatment At sentencing, the district court overruled Kline's objections[2] to the PSR and adopted it in full, finding an advisory Guidelines range of 210–262 months. It considered the 18 U.S.C. § 3553(a) factors, including the nature and circumstances of the offense, Kline's history and characteristics, the need for the sentence imposed, the need to avoid unwanted sentencing disparities, and the kinds of sentences available. The court sentenced Kline to 144 months in prison, representing a 66-month downward variance, because it found that the advisory Guidelines range was greater than necessary based on the § 3553(a) factors.

---

[2] One of Kline's objections was to the PSR's calculation of 1,125 images and the resulting increase of five levels. At sentencing, the district court held that the Guideline's recommendation of 75 images per video was reasonable, but it found that there were only 9 unique videos, resulting in 675 total images. It then determined that the special offense characteristic—and accompanying 5-level increase—still applied because 675 images were more than the 600 images required to apply the increase under § 2G2.2(b)(7)(D).

## II. ANALYSIS

Kline argues that the district court's sentence of 144 months is greater than necessary to achieve the sentencing goals set forth in § 3553(a). A criminal defendant's contention that his sentence is "greater than necessary" is a substantive reasonableness challenge. *Holguin-Hernandez v. United States*, 589 U.S. 169, 174–75 (2020). Courts review such a challenge for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007).

A sentence is substantively unreasonable if a district court "placed too much weight on some of the § 3553(a) factors and too little on others." *United States v. Boucher*, 937 F.3d 702, 707 (6th Cir. 2019) (quoting *United States v. Parrish*, 915 F.3d 1043, 1047 (6th Cir. 2019)). A district court's weighing of the factors "is a matter of reasoned discretion, not math, and our highly deferential review . . . reflects as much." *United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018).

Kline argues that his sentence is greater than necessary because the district court failed to consider his history and characteristics, including his age, mental health condition, and lack of a criminal record and history of substance abuse. But the record reflects that the district court did consider Kline's history and characteristics. The court noted that Kline was 23 years old at the time of sentencing, that he had issues with his mental health, and that he had no criminal record or history of substance abuse. The district court further discussed Kline's ties to his family and community, his success in high school, and his consistent employment, concluding that Kline has demonstrated "potential to be not just law abiding but productive as well." R. 29, Tr. of Sent'g Hr'g, PageID 229.

Kline also argues that the district court failed to consider that his conduct involved a relatively small number of images compared to other defendants and that some of the video clips

were relatively short. The court, however, did consider the nature and circumstances of the offense and the need to avoid unwarranted sentencing disparities. It expressly noted that while Kline's offenses were very serious, they were not as serious or extensive as other defendants' crimes before the court given the number of images they involved. The district court then imposed a sentence which represented a 66-month downward variance from the recommended Guidelines range, reflecting the court's consideration of the mitigating factors identified by Kline. Kline's argument on appeal ultimately asks this court to reweigh the § 3553(a) factors differently than the district court did, but "our task is only to determine if the district court's balance was reasonable, not rebalance the factors ourselves." *United States v. Crump*, No. 22-5073, 2022 WL 7972996, at *3 (6th Cir. Oct. 14, 2022) (citing *United States v. West*, 962 F.3d 183, 191 (6th Cir. 2020)). Because Kline has not identified any factor that the district court failed to consider and has not shown that the court abused its discretion in how it weighed the relevant factors, he has failed to show that the district court committed a clear error of judgment. We therefore find that Kline's sentence is substantively reasonable.

### III.  CONCLUSION

For the reasons discussed above, we **AFFIRM** Kline's sentence.